## THE MADDOX-RUKER BANKING COMPANY v. THE ATLANTIC & NORTH CAROLINA RAILROAD COMPANY.

*Agency—Draft—Evidence.*

1. A draft, with a bill of lading attached, with the endorsements thereon, having been introduced without objection, it was error to exclude evidence that they came to the collecting bank in the usual course of business, unless the letter to the bank, containing them, was proved to be in the handwriting of the then owners.

2. Where a bank receives, in the usual course of business, a draft for collection, its possession is *prima facie* evidence that the person for whom the bank received it is the owner, the bank being a trustee or agent in that respect.

CIVIL ACTION, tried at May Term, 1892, of CRAVEN Superior Court, *Winston, J.,* presiding.

It appeared that the DeLoach Mill Manufacturing Company of Atlanta, Ga., contracted to sell and deliver to one Campen certain mill machinery, and in pursuance thereof, shipped to the place of his residence, but to their own order, the property, and drew upon him with bill of lading attached, which they endorsed to the plaintiffs, who sent the papers to a bank in Newbern for collection. Payment was refused upon presentation, upon the ground that the mill had been seized upon attachment proceedings at the suit of a creditor of the DeLoach Mill Company, and was in the possession of defendants, who refused to deliver it, and this action was brought to recover possession of the property.

On the trial plaintiff introduced papers purporting to be the draft and bill of lading described in the complaint, and examined Green Bryan with reference thereto, who testified that he was collector of the National Bank of Newbern, and that the same came into his hands for collection August 3, 1891, and he returned the same August 28, 1891, it not having been paid. He testified that they were then in same

condition as when they were in his hands. That the handwriting purporting to be the signature of A. A. DeLoach on both draft and bill of lading was the same handwriting as his signature to his evidence in the deposition taken in this action. To show the ownership, plaintiffs offered to prove by this witness, propounding inquiries therefor, that the draft and bill of lading attached came to him in the course of business in a letter purporting to be sent by Maddox, Ruker & Co., the payees thereof, plaintiffs in this action, which his Honor excluded, in the absence of proof that it was the handwriting of A. A. DeLoach.

There was a verdict and judgment for defendants, from which plaintiff appealed.

*Mr. W. D. McIver*, for plaintiff.
*Mr. W. W. Clark*, for defendant.

CLARK, J.: The draft assigned by A. A. Deloach, President, with bill of lading attached, was in evidence without objection, as was also the the testimony that "the handwriting purporting to be the signature of A. A. DeLoach on both draft and bill of lading, was the same handwriting as the signature to his evidence in the deposition taken in this action." This deposition was also in evidence without objection. It was therefore error to exclude the evidence offered " that the draft and bill of lading came to the bank in Newbern in the course of business in a letter purporting to be sent by the payees," because of the absence of proof that it was in the handwriting of the plaintiff. The evidence already admitted as to the genuineness of the signature of A. A. DeLoach on the draft and to the assignment of the bill of lading, was sufficient to go to the jury, and it is immaterial who sent to the bank the letter enclosing them, whether the plaintiff or someone else. If the letter came in the course of business, with the draft and bill of lading duly assigned to

the plaintiffs by A. A. DeLoach, with instructions to hold the same for the plaintiffs, the possession of the papers by the bank was *prima facie* a possession of them as trustee or agent for the plaintiffs, and there would be a presumption that the plaintiffs were the owners of the draft and bill of lading. This evidence was offered to show ownership in the plaintiffs. In its exclusion there was

Error.